CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 19 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JOHN WITTEN TUNNELL, <br> Plaintiff, <br> v. <br><br> FORD MOTOR COMPANY, <br> Defendant. | ) <br> ) <br> ) Civil Action No. 4:03CV00074 <br> ) <br> ) <br> ) By: Michael F. Urbanski <br> ) United States Magistrate Judge |

## ORDER

This matter is before the court on defendant's objection to the court's intention to unseal an affidavit provided by Kara Tertzag, an attorney for Ford, that was provided at the court's direction discussing defendant's efforts to obtain any responsive documents that had not yet been provided to plaintiff. In the court's Order issued May 4, 2005, the court stated that it intended to unseal the Tertzag affidavit, but it gave defendant five days to object. Having reviewed defendant's objections and plaintiff's response to defendant's objections, the court now directs the Clerk to unseal the Tertzag affidavit three days from the date of entry of this Order (Docket No. 423).

Defendant objects to the release on three grounds. First, defendant contends that much of the information contained in the affidavit is protected by the attorney-client privilege. Second, defendant contends that the affidavit is protected by the work product doctrine, offered to the court for the sole and limited purpose of demonstrating that Ford has complied with plaintiff's discovery requests and the court's discovery-related orders. Defendant buttresses this argument through the assertion that plaintiff has no need for the information contained in the affidavit.

As to defendant's first argument, the Tertzag affidavit is not protected by the attorney-client privilege. The Tertzag affidavit is a recitation of facts, filed with the court, as to how

defendant complied with the court's orders and with plaintiff's requests for production. As the Supreme Court held in Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981),

> [T]he protection of the [attorney-client] privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing.

The Tertzag affidavit consists of a summary of the efforts Ford made to comply with discovery requests and orders in this case. There is no discussion of litigation strategy relating to the substantive issue in the case. The root of the attorney-client privilege is the notion that society is better off if clients communicate with their lawyers about the legal problems that they have. The disclosure of the facts contained in the Tertzag affidavit does not compromise this goal.

Similarly, the materials contained in the affidavit are not protected by the work-product doctrine as the materials defendant seeks to protect fall outside the scope of the protection. The work product doctrine was created by the Supreme Court in the seminal case of Hickman v. Taylor, 329 U.S. 495 (1947). In Hickman, the Court held that owners of a sunken tug boat did not have to turn over notes taken by their attorneys in the course of legal representation when those notes reflected their mental processes and when the other side had not shown substantial need for the facts contained in them. Id. at 498-500, 512-514. The Federal Rules of Civil Procedure both codified the doctrine first articulated in Hickman and also extended it to include work product created by parties as well as their lawyers. Rule 26(b)(3) provides that:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or

> agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
>
> A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order.

In Upjohn, the Court emphasized that the goal of work-product protection is to "protect against the disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney ... concerning the litigation." Id. at 398 n.7. The Tertzag affidavit contains no such thing: it is a litany of places that an attorney for defendant looked while searching for documents that plaintiff had already asserted may exist. Similarly, the information contained in the affidavit is also readily distinguishable from the type of information typically sought to be protected under the work-product doctrine. See, e.g., Shipes v. BIC Corp., 154 F.R.D. 301, 309 (M.D. Ga. 1994) (holding that the legal department's computer database protected as work product); Nat'l Union Fire Ins. Co. v. Valdez, 863 S.W.2d 458, 460 (Tex. 1993) ("An attorney's litigation file goes to the heart of the privileged work area guaranteed by the work product exemption. The organization of the file, as well as the decision as to what to include in it, necessarily reveals the attorney's thought processes concerning the prosecution or defense of the case"). Here, what the Tertzag affidavit shows the efforts taken by Ford to search for relevant documents as ordered by

3

the court and details the persons counsel contacted and the places defendant's attorney looked to search for these documents.

Another factor favoring the release of the affidavit is the fact that the court relied on the Tertzag affidavit in denying plaintiff's motion for default judgment. Given the discovery problems and prior discovery sanctions imposed in this case and the nature of the default motion itself, the release of the affidavit is necessary for the full and fair litigation of this case. Finally, there is a presumption that the public have access to documents which the court relies on in making its decisions. See Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 574-75 (4th Cir. 2004).

As such, the Clerk is **ORDERED** to unseal the material contained in Docket No. 423 three days following the entry of this Order and to send a copy of this Order to all counsel of record.

ENTER: This 18th day of May, 2005.

_____
Michael F. Urbanski
United States Magistrate Judge