CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for Danville
DEC 21 2005
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JOHN W. TUNNELL,<br><br>*Plaintiff,*<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>*Defendant.* | CIVIL ACTION NO. 4:03-CV-00074<br><br><u>ORDER AND OPINION</u><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Ford Motor Company's ("Ford") objection to Magistrate Judge Urbanski's order on Ford's bill of costs, filed on November 30, 2005. For the following reasons, the Court AFFIRMS Magistrate Judge Urbanski's Order.

Ford argues that Judge Urbanski erred in determining that Ford was not entitled to recover (1) the $3,462.30 cost of certain deposition transcripts and (2) the $14,880.70 cost of obtaining daily trial transcripts.

The Court reviews Magistrate Judge Urbanski's Order under Federal Rule 72, which provides that where an objection has been properly made to a magistrate judge's order, the district judge shall modify or set aside any portion of the order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72. *See also Citicorp U.S.A., Inc. v. Edwards*, 118 Fed. Appx. 698, 702-03 (4th Cir. 2004) (applying standard); *American Rockwool, Inc. v. Owens-Corning Fiberglas Corp.*, 109 F.R.D. 263 (E.D.N.C. 1985) (same).

Judge Urbanski disallowed Ford's recovery of costs for the deposition transcripts of four witnesses because these depositions were the result of Ford's obstructionism in discovery. Ford argues that these transcripts were reasonably necessary for its preparation for trial, and thus that it should be able to recover costs for them.

The district court has great discretion in taxing costs. *See Constantino v. American S/T Achilles*, 580 F.2d 121, 132 (4th Cir. 1978). Further, at least one circuit has held that the district court was within its discretion to tax costs *against* a prevailing party when that party had abused the discovery process. *Sheets v. Yamaha Motors Corp, U.S.A.*, 891 F.2d 533 (5th Cir. 1990). Here, Judge Urbanski's order is not nearly so draconian and is within the wide realm of discretion allowed to the court. Hence, Judge Urbanski's decision to disallow Ford's costs for the expenses its own discovery failures occasioned is neither contrary to law nor clearly erroneous.

Judge Urbanski also disallowed recovery of the costs of obtaining daily transcripts. Ford also argues that daily transcripts were necessary for its trial preparation, especially given the length and complexity of the trial.

Case law agrees that taxation will not be allowed where the transcript was procured only for counsel's convenience. Rather, the transcript must have been necessarily obtained for use in the case. *See, e.g., Principe v. McDonalds Corp.*, 95 F.R.D. 34 (E.D. Va. 1982). This does not mean that the transcript must have been indispensable, however; it must only have been necessary to counsel's effective performance or the court's handling of the case. *See generally* 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2677 (3d ed. 1998). In the context of this inquiry, courts may consider factors such as the length of the trial, the complexity of the issues, and whether a daily transcript was necessary to minimize disagreement over the testimony of witnesses. *Advance Business System & Supply Co. v. SCM Corp.*, 287 F.

Supp. 143, 163 (D. Md. 1968). Although these factors might arguably support Ford's claim for costs, there are also strong indications that the transcripts were merely for the convenience of counsel. Ford sought the transcript in multiple formats, including expedited, daily, and real time. It seems unlikely that all of these formats were necessary for use in trial, but rather suggests the transcripts were used as a convenience.

Hence, Magistrate Judge Urbanski's Order on Ford's Bill of Costs is hereby AFFIRMED. It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this order to all counsel or record.

ENTER: /s/ Norman K. Moon

U.S. District Court Judge

DATE: December 21, 2005