CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 2 0 2006

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

JOHN W. TUNNELL,

                       *Plaintiff,*

v.

FORD MOTOR COMPANY,

                       *Defendant.*

CIVIL ACTION NO. 4:03-CV-00074

ORDER AND OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on Defendant Ford Motor Company's ("Ford") motion to recover fees and costs arising out of the continuance Plaintiff sought after Jerry Wallingford's accident. For the following reasons, this motion is DENIED.

Ford argues that Tunnell's successful motion for a continuance one day before the case's original trial date on October 26, 2004 caused it to expend significant time and money in trial preparations it would later have to repeat for the May 25, 2005 trial date. Ford argues it is entitled to recover expenses related to shipping, travel, room and board, "war room" set-up, and attorney's fees based on this continuance. Ford cites no authority that would permit the taxation of these costs. Nor does it provide the required supporting documentation. *See Scallet v. Rosenblum*, 176 F.R.D. 522, 525 (W.D. Va. 1997). This lack alone would be sufficient to deny Ford's motion; however, even if Ford submitted proper documentation, it would not be entitled to recover these costs and fees at this point.

Absent explicit statutory or contractual authorization, courts are bound by the limitations of 28 U.S.C. § 1920 in taxing fees. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). None of the expenses cited by Ford fall within section 1920. For instance, shipping expenses are not generally recoverable costs. *See* 28 U.S.C. § 1920; *Scallet*, 176 F.R.D. at 529; *Sun Publishing Co. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1525 (E.D. Va. 1984). Travel expenses are similarly excluded. *Id.*; *City Bank of Honolulu v. Rivera Davila*, 438 F.2d 1367, 1371 (1st Cir. 1971). Room and board is also not taxable as a cost. *Sun Publishing*, 594 F. Supp. at 1525. Nor do "war room" expenses (apparently, the costs of a conference room rental and the associated personnel costs) fall within 28 U.S.C. § 1920.

Ford also seeks attorney's fees for its preparation for jury selection and opening statements in October 2004. Under Rule 54(d)(2), a party seeking attorneys fees and related nontaxable costs must move for them no later than 14 days after the entry of judgment and must state the grounds entitling the moving party to the award. Fed. R. Civ. P. 54(d)(2)(B). Ford now seeks attorney's fees more than six months after the entry of judgment, and offers no legal support at all for its motion. Ford's request for attorneys fees and costs is baseless and is therefore DENIED.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this order to all counsel or record.

ENTER: /s/ Norman K. Moon

U.S. District Court Judge

DATE: 1/20/06